UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **DEREK MORTLAND**, | ) |
| Plaintiff, | ) Case No.: 2:24-cv-131 |
| v. | ) |
| **AMERICO HOSPITALITY LLC,** an Indiana limited liability company, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, DEREK MORTLAND, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **Americo Hospitality LLC**, an Indiana limited liability company, for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, DEREK MORTLAND ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Americo Hospitality LLC operates and owns a Holiday Inn Express Lafayette located at 200 Progress Drive, Lafayette, Indiana 47905 in Tippecanoe County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by Americo Hospitality LLC are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fail to comply with the ADA and its regulations, as also described

further herein.

7. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant or it predecessor commencing in 2011 and granted permits for occupancy in 2011 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. Plaintiff is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

9. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients in throughout Indiana. He travels to Northen and Central Indiana many times annually for business.

10. In addition to the Plaintiff's business travels, Mr. Mortland is a race car enthusiast, as well as National Auto Sport Association (NASA) time trials driver and National Auto Sport Association driving instructor for the NASA Great Lakes Region. Mr. Mortland has been driving and instructing two to three times annually at Putnam Park Road Course west of Indianapolis every year since 2013 as well as attending banquets and functions for his

motorsports clubs. This also brings him to the region frequently.

11. During the Plaintiff's stay, and most recently on the night of February 26, 2024, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

12. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but

not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

15. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of Holiday Inn Express Lafayette, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Breakfast Area

A. As all tables are non-compliant, there are no accessible dining surfaces, in violation of the ADA and Section 226.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. The breakfast items and juice dispensers are too high and out of the maximum range for a safe approach, in violation of the ADA and Section 308.3.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Men's Public Restroom

C.     The mirror is mounted above the allowable height above the lavatory and/or counter, in violation of the ADA and Section 603.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

D.     The rear and side grab bars are not mounted in the required locations, in violation of the ADA and Section 604.5.2 and 604.5.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

E.     The toilet paper dispenser is not mounted in the required location, in violation of the ADA and Section 604.7 of the 2010 Standards and Section 4.16.6 of the 1991 Standards, who remedy is strictly required or, at minimum, readily achievable.

F.     A compliant room identification sign is missing on the strike side of the door, in violation of the ADA and Section 216.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Women's Public Restroom

G.     Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

Fitness Room

H.     The route of travel does not provide a minimum width of 36 inches, in violation of the ADA and section 403.5.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

I.     The clear floor space for the paper towels/equipment wipes and the trash can are obstructed, in violation of the ADA and section 305.3 of the 2010 Standards whose remedy is strictly required or, at minimum, readily achievable.

J.     The clear floor space only allows for a forward approach and the paper towels/equipment wipes are out of reach range, in violation of the ADA and section 308.2.2 of the 2010 Standards whose remedy is strictly required or, at minimum, readily achievable.

K.     Compliant room identification signs are missing, in violation of the ADA and section 216.2 and 703.4.2 of the 2010 Standards whose remedy is strictly required or, at minimum, readily achievable.

Pool Area/Drinking Fountain

L.     The swimming pool does not have the required accessible means of entry, in violation of the ADA and Section 242.2 of the 2010 Standards whereas the adaptive lift is covered and stored at the side of the pool and was inoperable, whose remedy is strictly required

or, at minimum, readily achievable.

M. A compliant room identification sign is missing at the pool room door, in violation of the ADA and Section 216.2 and 703.4.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

N. A compliant room identification sign is missing at the hallway door to the pool and fitness rooms, in violation of the ADA and Section 216.2 and 703.4.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

O. There is not enough knee clearance under the drinking fountain, in violation of the ADA and Section 602.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Designated Mobility Accessible Guestroom #102

P. The door operating hardware exceeds maximum height requirements, in violation of the ADA and Section 404.2.7 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Q. The shelf is positioned too high for either a side or front approach, in violation of the ADA and section 308.2.1 and 308.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

R. The closet rod is positioned too high for either a side or front approach, in violation of the ADA and Section 308.2.1 and 308.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

S. The water and drainpipes under the lavatory are not adequately insulated, in violation of the ADA and Section 606.5 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

T. The clearance in front of the shower is not compliant, in violation of the ADA and section 608.2.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

U. The operable parts of faucet controls are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall, in violation of the ADA and Section 608.5.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

V. The handheld sprayer unit is mounted above the required height, in violation of the ADA and Section 608.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

W. The handheld sprayer unit is not equipped with a non-positive on/off control, in violation

  of the ADA and Section 608.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

X.  The grab bar is obstructed by the dispensers, in violation of the ADA and Section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Y.  The shower seat is not located on the correct wall, in violation of the ADA and Section 610.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Z.  The shower is missing a fixed, folding shower seat, a portable seat is not allowed in a roll-in type shower, in violation of the ADA and Section 610.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

AA.  The flush handle is located on the wrong side of the toilet, in violation of the ADA and Section 604.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

BB.  The toilet paper is not installed within the compliant range, in violation of the ADA and Section 604.7 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

CC.  The side grab bar does not extend far enough from the rear wall, in violation of the ADA and Section 604.5.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

DD.  The rear grab bar is not a minimum 36 inches in length, in violation of the ADA and Section 604.5.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

EE.  The rear grab bar does not extend adequately past the toilet on the wide side, in violation of the ADA and Section 604.5.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

FF.  The grab bar is obstructed, in violation of the ADA and Section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

FF.  The toilet is not located within the range allowed from the side wall or partition, in violation of the ADA and Section 604.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

GG.  The maneuvering clearance at the bathroom door exceeds 2% slope, in violation of the ADA and Section 404.2.4.4 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

HH. Complaint knee and/or toe clearance is not provided, in violation of the ADA and Section 306.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

II. More than 10 percent of guest rooms required to provide mobility features are used to satisfy the minimum number of guest rooms required to provide communication features, in violation of the ADA and Section 224.5 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Parking and Hotel Entry

JJ. The side of the parallel curb ramp exceeds the maximum running slope allowable of 8.33%, in violation of the ADA and Section 406.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

KK. The access aisle left of the lobby entrance is not a minimum 5 feet wide, in violation of the ADA and Section 502.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

LL. The walkway to the west side door contains abrupt vertical edges and/or variations over ¼ inch, in violation of the ADA and Section 303.3 and 303.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Type and Number of Designated Accessible Guestrooms

MM. Upon information and belief, the Holiday Inn Express has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 83 guestrooms such as this Holiday Inn, there must be a minimum of 4 mobility accessible guestrooms without a roll-in shower and a minimum of 1mobility accessible guestrooms with a roll-in shower, totaling 5 designated mobility accessible guestrooms. There is also a requirement of 9 total rooms with accessible communication features; in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

Designated Mobility Accessible Guestrooms Generally

NN. Upon information and belief, all designated mobility accessible guestrooms at this hotel property contain barriers to handicap access similar to those experienced by the Plaintiff in guestroom number 102 which require remedying.

Policies and Procedures

OO. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

PP.  The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this 3-story hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

17. The discriminatory violations described in Paragraph 16 by Defendant Americo Hospitality LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel at issue, as owned and operated by Americo Hospitality LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its

accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations to bring the property into full compliance, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. Americo Hospitality LLC operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

25. Defendant committed unlawful acts pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or

11

privileges. Whereas the Defendant's hotel, which is constructed 20 years after enactment of the ADA, has numerous physical barriers at itd property that were otherwise intended for the benefit of its disabled guests, which deprive a disabled individual, and this Plaintiff, of making full use of guestroom bath facilities and hotel amenities.

26. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all alterations to bring the property into full compliance, or at minimum such readily achievable alterations as are legally required and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. OH Bar. 0074743*
Law Offices of Owen Dunn, Jr.
The Offices of Unit C

        6800 W. Central Ave., Suite C-1
        Toledo, OH 43617
        (419) 241-9661 – Phone
        (419) 241-9737 – Facsimile
        Monroe, MI (734) 240-0848
        dunnlawoffice@sbcglobal.net
        *admitted to Northern District of Indiana